UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CENTURION BULK PTE LTD.                    :
                                           :
                Plaintiff,                 :
                                           :
      - against -                          :
                                           :        20-cv_____
XCOAL ENERGY AND RESOURCES                 :
and                                        :
XCOAL ENERGY AND                           :
RESOURCES, LLC                             :
                                           :
                                           :
                Defendants.                :
-------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff, CENTURION BULK PTE LTD. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices, LLC, as and for its Verified Complaint against the Defendants, XCOAL ENERGY AND RESOURCES and XCOAL ENERGY AND RESOURCES, LLC ("Defendants"), alleges, upon information and belief, as follows:

**JURISDICTION AND VENUE**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 since the claim for which security is sought arises out of a Charter Party dated December 17, 2019, the breach of which gives rise to a maritime claim.

2. As will be discussed more fully herein, Plaintiff will imminently commence New York arbitration against Defendants in accordance with the Charter Party and the Federal Arbitration Act 9 U.S.C. § 1 *et seq*. by appointing an arbitrator and demanding that Defendants do the same.

1

3. The arbitration proceedings arise out of a Charter Party dated December 17, 2019 between Plaintiff and Defendants. A true copy of the Fixture Recap and Americanized Welsh Charter Party 1979 form is attached hereto as **Exhibit 1** and will be specifically identified *infra.*

4. Venue is proper in this district because there is or will be during the pendency of this action property due and owing to the Defendants within this district and in the hands of a non-party garnishee, namely Citibank, N.A. ("Citibank") which has an office and place of business within this Judicial District.

5. It is believed that non-party Garnishee Citibank may be holding property subject to this maritime attachment since Defendants bank with Citibank in New York and has used this account in the near past in transactions with Plaintiff.

**PARTIES**

6. Plaintiff Centurion is a foreign corporation organized and existing under foreign law with an office and principal place of business in Singapore.

7. Upon information and belief, Defendants XCoal have a principal place of business in Latrobe, PA and are organized and exist under PA law.

**DEFENDANTS' BREACH OF THE CHARTER PARTY**

8. On or about December 17, 2019, Plaintiff entered into a charter party in which it agreed to charter the M/V PORT IMABARI, a Marshall Islands-flagged bulk carrier, to Defendants in accordance with the Fixture Recap attached hereto as **Exhibit 1**. The charter party consists of a Fixture Recap and Americanized Welsh Charter Party 1979 form with Rider Clauses.

9. With respect to the payment of freight, the Fixture Recap provides that Defendants must pay 90% of freight within 3 working / business days after signing and releasing

the bills of lading but always prior to breaking bulk at the discharge port with the balance of freight paid within 30 days after completion of discharge. **Exhibit 1**, Fixture Recap Clause 9.

10. In accordance with Clause 9 of the Fixture Recap, Plaintiff issued its initial Freight Invoice for a total of $2,163,216.00 within the timeframe set forth above. In response, the Defendants remitted $1,892,814 on January 31, 2020. The Plaintiff completed the voyage and discharged the full cargo. Thereafter, on February 13, 2020, a Final Freight Invoice was issued by the Plaintiff for a net due, after commissions and other deductions, of $210,115.01. Through its broker, SSY, Defendants disputed a few of the charges, which Plaintiff accepted. On February 17, 2020, a revised Final Freight Invoice totalling $206,410.15 was issued. Attached as **Exhibit 2** is a true and accurate copy of the Plaintiff's Freight Invoice dated February 17, 2020.

11. Plaintiff sent this Freight Invoice to Defendants on February 18, 2020. Defendants expressed no issues with Plaintiff's calculation of freight, which remains undisputed.

12. Despite repeated due demand, to date Defendants have failed to pay any of the outstanding amount of freight, $206,410.15, exclusive of costs and interest.

13. Defendants have offered no explanation for their failure to pay the undisputed amount of freight owed to Plaintiff.

14. As a result of its failure to pay the undisputed freight owed to Plaintiff, Defendants have breached the Charter Party dated December 17, 2019.

15. The Charter Party provides for New York arbitration and calls for application of U.S. maritime law.

16. The Society of Maritime Arbitrators ("SMA") routinely awards attorneys' fees and arbitrator's fees to prevailing parties. The undisputed nature of Plaintiff's damages coupled

with the Defendants' inexcusable failure to pay freight strongly supports Plaintiff's fee application in the SMA proceedings.

**RULE B MARITIME ATTACHMENT**

17. Given the factual background set out above, Defendants are liable in damages to pay the following sums to Plaintiff:

| | | |
|---|---|---:|
| A. | Undisputed Freight: | $206,410.15 |
| B. | Interest (9 % per annum compounded quarterly for 2 years): | $40,215.13 |
| C. | Plaintiff's Anticipated Attorneys' Fees | $75,000 |
| D. | Arbitrators' Anticipated Fees | $50,000 |
| E. | Total: | **$371,625.28** |

18. Upon information and belief, non-party Garnishee Citibank has offices and places of business this Judicial District. Citibank is a banking institution with offices throughout the United States.

19. Upon information and belief, Defendants hold bank accounts or other assets at Citibank in this District. See **Exhibit 3,** Redacted Citibank Bank Slip.

20. As evidenced by the Redacted Citibank Bank Slip, Defendants maintain one or more bank accounts at Citibank New York.

21. Since Defendants have used Citibank to perform banking transactions with Plaintiff in the past, Plaintiff believes that Citibank may be holding funds, accounts, credits, or other property of Defendants in New York.

22. Upon information and belief, Garnishee Citibank holds property belonging to Defendants in this District.

23. Plaintiff seeks security for its soon to be commenced New York arbitration proceedings.

24. Although Defendants are registered to do business in New York with the Division of Corporations, they cannot be found within the district within the meaning of Supplemental Admiralty Rule B. Plaintiff has filed herewith a Memorandum of Law which addresses this issue.

25. As stated on its website, Defendants' headquarters is in Latrobe, PA. There does not appear to be any physical presence in the Southern District of New York.

26. As demonstrated by the attached declaration, Plaintiff has attempted to search for the Defendants in this Judicial District, but has been unable to locate any offices or other conditions that would subject Defendants to being "found" within the District within the meaning of Rule B.

27. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of a garnishee within the District including but not limited to CITIBANK, N.A.

28. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendants held by CITIBANK, N.A. or any other garnishees within the District for the purpose of obtaining security for the soon to be commenced arbitration proceedings.

**WHEREFORE**, Plaintiff prays:

  A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint, failing which default judgment be entered against them in the sum of **US $371,625.28**

  B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, funds, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **US $371,625.28** belonging to, due or being transferred to, from, or for the benefit of the Defendants XCOAL ENERGY AND RESOURCES and/or XCOAL ENERGY AND RESOURCES, LLC including but not limited to such property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for their benefit at, moving through, or within the possession, custody or control of CITIBANK, N.A. or any banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint.

  C. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

  D. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: New York, NY
   April 9, 2020

Attorneys for Plaintiff,
CENTURION BULK PTE LTD.


By: _____/s/_____
Thomas L. Tisdale (TT5263)
Timothy J. Nast (TN 8578)
Tisdale Law Offices, LLC
200 Park Avenue, Suite 1700
New York, NY 10166
Tel: 212-354-0025
ttisdale@tisdale-law.com
tnast@tisdale-law.com

# ATTORNEY'S VERIFICATION

State of Connecticut       )
                           )   ss.:   Southport
County of Fairfield        )

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney at Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff

Dated:    April 8, 2020
          Southport, CT

/s/ Thomas L. Tisdale
Thomas L. Tisdale