UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CENTURION BULK PTE LTD.                  :
                                         :
                Plaintiff,               :
                                         :
    - against -                          :
                                         :        20-cv_____
XCOAL ENERGY AND RESOURCES               :
and                                      :
XCOAL ENERGY AND                         :
RESOURCES, LLC                           :
                                         :
                                         :
                Defendants.              :
------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ISSUANCE OF A WRIT OF MARITIME ATTACHMENT

Plaintiff, CENTURION BULK PTE LTD. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices, LLC, submits this Memorandum of Law in Support of Plaintiff's Application for Issuance of a Writ of Maritime Attachment. Plaintiff has satisfied all the requirements necessary to obtain a maritime attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendants, XCOAL ENERGY AND RESOURCES and XCOAL ENERGY AND RESOURCES, LLC ("Defendants").

There are two purposes underlying maritime attachments. First, attachment provides a means to assure satisfaction if a suit is successful. *Aurora Mar. Co. v. Abdullah Mohamed Fahem & Co*., 85 F.3d 44, 48 (2d Cir. 1996). The second purpose is "to insure a defendant's appearance in an action, an aspect of attachment inextricably linked to a plaintiffs' substantive right to recover." *Id.* (internal citation omitted).

Under Supplemental Rule B, "'an order of maritime attachment must issue upon a

1

minimal prima facie showing,' that the defendant cannot be 'found within' the federal district in which the assets are to be attached." *DS Bulk Pte. Ltd. v. Calder Seacarrier Corp.*, No. 05 CIV. 10146 (SHS), 2006 WL 1643110, at *1 (S.D.N.Y. June 13, 2006) (citing Fed. R. Civ. P. Supp. R. B advisory committee's 1985 note ("The . . . order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district.")). To obtain an order of attachment, "[t]he plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." Fed. R. Civ. P. Supp. R. B(1)(b).

The Supplemental Admiralty Rules governing maritime attachment are not intended to resolve the dispute between the parties at the attachment stage, rather only the technical requirements of the Rule need to be met. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006) *abrogated on different grounds by Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009).

Courts consistently note the same four requirements for a Rule B claim. The Plaintiff must show that:

1) it has a valid *prima facie* admiralty claim against the defendant;

2) the defendant cannot be found within the district;

3) the defendant's property may be found within the district; and

4) there is no statutory or maritime law bar to the attachment.

*Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008); *see Blue Whale Corp. v. Grand China Shipping Dev. Co.*, 722 F.3d 488, 493 (2d Cir. 2013); *Tradhol Internacional, S.A. v. Colony Sugar Mills Ltd.*, 354 F. App'x 463, 464 (2d Cir. 2009).

As to the first requirement, it is well established that charter parties are maritime contracts which courts sitting in admiralty can enforce. *Fednav, Ltd. v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir. 1991); *Armour & Co. v. Fort Morgan S.S. Co.*, 270 U.S. 253, 259 (1926); *see also Rice Corp. v. Express Sea Transp. Corp.*, No. 14-CV-5671 VEC, 2015 WL 3397688, at *2 (S.D.N.Y. May 26, 2015) (quoting *Fednav, Ltd.*, 925 F.2d at 601 ("It is beyond dispute that 'a charter party agreement is a maritime contract' subject to federal admiralty jurisdiction.")); *J. B. Effenson Co. v. Three Bays Corp.*, 238 F.2d 611, 615 (5th Cir. 1956) ("a charter party is a maritime contract and that as between the parties to it the Federal District Courts sitting in admiralty have jurisdiction to determine obligations arising from it.")  "It is well settled that cases involving marine contracts give rise to admiralty jurisdiction." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009) (citing *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004)).  In this case, the breach of three charter parties by the Defendant gives rise to a maritime claim. *Fed. Ins. Co. v. Speedboat Racing Ltd.,* 200 F. Supp. 3d 312, 2017 A.M.C. 520, 533 (D. Conn. 2016) (Haight, J.) (citing *Armour & Co.*, 270 U.S. 253, 256, 1926 AMC 327, 331 ("a 'charter party' is a maritime contract and 'hence enforceable in a court of admiralty'") and citing *Fednav, Ltd.*, 1991 AMC 1425, 1428, 925 F.2d at 601 ("It is well-established that a charter party agreement is a maritime contract.")).

The Declaration in Support of Attachment and the Verified Complaint establish the second and third requirements necessary to obtain a Rule B attachment.  The Defendants, or their agent(s) cannot be "found" within this judicial district. A defendant can be "found" only if it was 1) subject to personal jurisdiction within the district and 2) capable of being served with process there. *Aqua Stoli Shipping Ltd.*, 460 F.3d at 441 (2d Cir. 2006).  The Supreme Court has held that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country)

3

corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Wilderness USA, Inc. v. DeAngelo Bros. LLC*, 265 F. Supp. 3d 301, 305 (W.D.N.Y. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)).  The Supreme Court in *Daimler* "made clear that the constitutional standard for finding a corporation to be essentially at home in a foreign jurisdiction is a stringent one, and that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."  *Wilderness USA, Inc.*, 265 F. Supp. 3d at 309.  After the Supreme Court's holding in *Daimler,* courts have consistently held that exercise of general personal jurisdiction based on registration alone would be counter to the principles of due process.  *Wilderness USA, Inc.*, 265 F. Supp. 3d at 313 ("Because New York Business Corporations Law § 1301 is absent an explicit indication that registration subjects a registrant to general jurisdiction in New York, an exercise of general personal jurisdiction based on registration alone would be counter to the principles of due process articulated in *Daimler.*") (citing *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 264 (N.D.N.Y. 2016)).

> If mere registration and the accompanying appointment of an in-state agent—without an express consent to general jurisdiction—nonetheless sufficed to confer general jurisdiction by implicit consent, every corporation would be subject to general jurisdiction in every state in which it registered, and Daimler's ruling would be robbed of meaning by a back-door thief.

*Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 640 (2d Cir. 2016).  The Second Circuit has also recently issued an opinion regarding New York Business Corporations Law § 1301.

> Accordingly, in light of Daimler, our own precedent, and the unanimous conclusion of the three New York intermediate courts to have considered the issue, we now hold that a foreign corporation does not consent to general personal jurisdiction in

4

> New York by merely registering to do business in the state and designating an in-state agent for service of process under BCL § 1301(a).

*Chufen Chen v. Dunkin' Brands, Inc.*, No. 18-3087-CV, 2020 WL 1522826, at *4 (2d Cir. Mar. 31, 2020). Even before this decision, courts after *Daimler*, within the Second Circuit, have held this to be true. *Bustamante v. Atrium Med. Corp.*, No. 1:18-CV-08395 (ALC), 2020 WL 583745, at *3 (S.D.N.Y. Feb. 6, 2020) (citing multiple cases, from the Second Circuit, the Southern District of New York, and the New York Appellate Division). Thus, the mere fact that an entity is registered to do business with the Division of Corporations alone does not mean it is "found" within the judicial district.

As to the third requirement, property due and owing to the Defendants is believed to be held in the hands of CITIBANK, N.A. since Defendants have paid Plaintiff in this past from this bank account. Finally, there are no statutory or maritime law bars to this attachment.

The court will not engage in a fact intensive inquiry regarding the technical requirements of Rule B at the attachment stage. *Aqua Stoli Shipping Ltd.*, 460 F.3d at 447. A defendant does not have the opportunity to challenge the sufficiency of the plaintiff's pleadings or challenge the evidence supporting plaintiff's admiralty claim at the attachment stage or at a post-attachment motion to vacate. *Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 279 (S.D.N.Y. 2006). A defendant may, if it wishes, raise such issues by way of a Rule 12(b)(6) motion to dismiss or Rule 56 motion for summary judgment but it may not do so in the context of an emergency hearing pursuant to Supplemental Rule E(4)(f). *Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp. 2d 519, 531 (S.D.N.Y. 2006) (refusing to apply the higher pleading standard used in a motion to dismiss in a post-attachment hearing "lest Rule 12(b)(6) be completely subsumed by Supplemental Rule E(4)(f)").

## **CONCLUSION**

Plaintiff has alleged a *prima facie* maritime claim for breach of a charter party. Defendants cannot be found within the district within the meaning of Supplemental Admiralty Rule B.  Defendants' property can be found in the hands of third party CITIBANK, N.A who has a place of business in this district.  Without an order of maritime attachment from this Court, Plaintiff will lose its chance of obtaining security for its claim against the Defendants.

Dated: New York, NY
April 9, 2020

                                            Attorneys for Plaintiff,
                                            CENTURION BULK PTE LTD.

By: _____/s/_____
Thomas L. Tisdale (TT5263)
Timothy J. Nast (TN 8578)
Tisdale Law Offices, LLC
200 Park Avenue, Ste. 1700
New York, NY  10166
Tel:    212-354-0025
ttisdale@tisdale-law.com
tnast@tisdale-law.com